**Ex parte Carol Johnene MORRIS.**

**No. 70,934.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 12, 1990.

Rehearing Denied Feb. 6, 1991.

Carol Johnene Morris, pro se.

Ernie Armstrong, Dist. Atty. and Dana W. Cooley, Asst. Dist. Atty., Snyder, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

Applicant was convicted of the offense of forgery. Tex.Penal Code Ann. § 32.21(a)(1)(A). After finding the enhancement allegation "true," the jury assessed punishment at twenty years and a fine of ten thousand dollars. Applicant filed a motion to dismiss her appeal in this cause, and the Court of Appeals granted the request. *Morris v. State*, No. 11–88–199–CR (Tex.App.—Eastland delivered April 6, 1989).

In her application for writ of habeas corpus, see Art. 11.07 Tex.Code Crim.Proc.

Ann., applicant submits that the indictment upon which she was convicted is fundamentally defective for failing to allege each constituent element of the offense. Specifically, she complains of the indictment's failure to allege that the writing purported to be the act of another who "did not authorize the act."

Applicant's claim is supported by the indictment which alleges in pertinent part that applicant:

> intentionally, with intent to defraud and harm another, pass to Shana Proctor, a forged writing knowing such writing to be forged, and said writing was a check of the tenor following, save and except the bank stamps thereon:
> [THE INDICTMENT INCLUDES THE CHECK IN QUESTION]

Applicant does not contend that she objected to the indictment; rather, she argues that the indictment, because of the omission, failed to invest the trial court with jurisdiction, relying on *Cotton v. State*, 626 S.W.2d 531 (Tex.Cr.App.1981) (forgery indictment failing to allege that writing purported to be the act of another "who did not authorize the act" held fundamentally defective); *Ex parte Bilton*, 602 S.W.2d 534 (Tex.Cr.App.1980) (forgery indictment failing to allege writing purported to be the act of another "who did not authorize the act" held fundamentally defective), to support her proposition. However, those cases involved indictments presented before December 1, 1985, the effective date of Art. 1.14(b) Tex.Code Crim.Proc.Ann. and Art. V, § 12, Tex. Const.

The State, citing to Tex. Const. Art. V, § 12(b) and Tex.Code Crim.Proc.Ann. Art. 1.14(b), submits that applicant waived the right to now object to the defect by her failure to object to the indictment prior to trial.

The law surrounding what constitutes an indictment and a defendant's ability to waive error attendant thereto changed radically with the amendments to Art. 1.14 and Art. V, § 12.[1]

Art. 1.14 of the Texas Constitution provides:

1. Article 1.14 Tex.Code Crim.Proc.Ann. became     effective December 1, 1985 and applies only to

(b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Art. V, § 12(b) states:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

This Court recently addressed the application of those provisions in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), and *Ex parte Gibson*, 800 S.W.2d 548 (Tex. Cr.App.1990).

The charging instrument in *Studer* involved a substance defect in that it failed to allege an element of the offense; namely, it failed to allege the act or acts relied upon to constitute recklessness in an indecent exposure case. See Tex.Penal Code Ann. § 21.08; Tex.Code Crim.Proc.Ann. art. 21.15. Despite the flaw, Studer's charging instrument was sufficient to invest the trial court with jurisdiction. *Studer*, 799 S.W.2d at 272 citing Art. V, Tex. Const. Studer's failure to object to the charging instrument prior to trial waived review of the issue on appeal. *Studer*, 799 S.W.2d at 273 citing Art. 1.14(b) Tex.Code Crim.Proc.Ann.

After reviewing the legislative histories of both articles and analyzing the interplay between them and code provisions regulat-

ing the practices and procedures governing charging instruments, this Court held that the change in Art. 1.14(b) requires that substance exceptions be raised pre-trial or otherwise the accused has waived his right to raise the complaint on appeal or by collateral attack. *Studer*, 799 S.W.2d at 268. The Court concluded that an indictment is still an indictment, "at least as contemplated by Art. V, § 12, though it be flawed by matters of substance *such as the absence of an element.*" *Studer*, 799 S.W.2d at 271 (emphasis added).

This change in the law can be summarized as follows: "[I]f the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment for purposes of Art. V., § 12(b), and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case." *Gibson*, 800 S.W.2d at 551.

In the case at bar, the indictment in question clearly fails to allege a constituent element of the offense of forgery, namely, that the writing purported to be the act of another "who did not authorize the act." Tex.Penal Code Ann. § 32.21(a)(1)(A). However, the charging instrument was issued by the grand jury, filed with the district clerk and purports to charge applicant with the primary offense of forgery. Pursuant to the rationale in *Studer* and *Gibson*, this instrument is an indictment as contemplated by Art. V, § 12(b). *Studer*, 799 S.W.2d 271; *Gibson*, 800 S.W.2d at 551. Article 1.14(b) prohibits applicant from raising the defect in the indictment for the first time in a postconviction proceeding. *Gibson*, 800 S.W.2d at 551.

The relief prayed for is denied.

CLINTON and TEAGUE, JJ., concur in the result.

STURNS, J., not participating.

---

charging instruments presented to courts on or after that date. *Gibson*, 800 S.W.2d at 550, n. 3, citing Acts 1985, 69th Leg., ch. 577, § 1. The

amendment, therefore, applies to the instant case, which involves an indictment presented in 1987.