NO. 07-03-0455-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 16, 2004



______________________________




SUMMER HELENA MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85738; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following appellant Summer Helena Miller's guilty plea to an indictment alleging
securing execution of a document by deception, the trial court found her guilty and sentenced
her to two years confinement. The court then, following the terms of the plea bargain,
suspended the imposition of sentence and placed her on community supervision for five years. 
In August of 2003, appellant pleaded not true to the allegations contained in the State's motion
to revoke community supervision; however, the court found the allegations to be true, revoked
her community supervision, and assessed a sentence of two years confinement. With one
issue, appellant attacks the validity of the indictment. We affirm.

 The indictment alleged that appellant lied to the Texas Department of Human Services
about a car she owned in an effort to secure additional welfare benefits. With her sole issue,
appellant maintains the indictment is defective because she was legally entitled to own the
vehicle in issue. In response, the State asserts, and we agree, that it is appellant's deception
regarding her ownership of the car that creates the offense, not the ownership itself. 
Moreover, even if appellant's substantive claim had merit, she waived it by failing to voice an
objection to the indictment prior to trial. If a defendant does not object to a defect, error, or
irregularity of form or substance in an indictment before the date on which the trial on the
merits commences, the defendant waives and forfeits the right to object to the defect, error,
or irregularity and may not raise the objection on appeal or in any other postconviction
proceeding. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2004); Ex parte Morris,
800 S.W.2d 225, 227 (Tex.Cr.App. 1990). Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.


 



 


 

 

 



ity="39" Name="toc 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0483-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JANUARY 6, 2011

 

______________________________

 

 

IN RE: BETTY PALACIO, RELATOR

 

_________________________________

 

FROM THE 237TH thDISTRICT COURT 646646464DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009-550,142, HONORABLE LES HATCH, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            This original proceeding
arises out of a discovery dispute in connection with a personal injury lawsuit
filed by Relator, Betty Palacio, wherein she alleges she was injured as the result
of a workplace accident.  During
discovery, the Real Party in Interest, McDonald's Restaurants of Texas, Inc.
("McDonalds"), issued notices of their requests for the production
of documents from two non-parties: United Supermarkets and Bryan's Steaks.  Relator moved for an order quashing both notices
and a protective order.  The trial court granted,
in part, the motion to quash as to United Supermarkets, but denied the motion
as to Bryan's Steaks.  Contending the
trial court abused its discretion in failing to grant both motions in their
entirety, Relator seeks mandamus relief from this Court.  For the reasons to follow, we decline to
grant the relief requested.

Background

            In her original petition,
Relator contends that she suffered an elbow injury
when she fell at her place of employment. 
McDonald's discovered that Relator had previously sustained injuries to
her knee from a fall as a patron at Bryan's Steaks and was taking medications
dispensed by the pharmacy at United Supermarkets.  McDonalds sought to discover documents
relating to the fall at Bryan's Steaks and the medications dispensed by United
Supermarkets.  Following a hearing on
Relator's motion to quash the request for production notices, the Honorable Les
Hatch denied the motion to quash as to Bryan's Steaks, but limited the scope of
discovery as to United Supermarkets by restricting the production request to records
dating back three years prior to the fall the subject of the present
litigation.

Scope of Discovery

            A party to pending litigation has the
right to obtain discovery "regarding any matter that is not privileged and
is relevant to the subject matter of the pending action."  Tex. R. Civ. P. 192.3(a).  The phrase "relevant to the subject
matter" is to be "liberally construed to allow the litigants to
obtain the fullest knowledge of the facts and issues prior to trial."  Ford
Motor Co. v. Castillo, 279 S.W.3d 656, 664 (Tex. 2009) (quoting Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 553
(Tex. 1990)).  Information is relevant if
it tends to make the existence of a fact that is of consequence to the
determination of the action more or less probable than it would be without the
information.  Tex. R. Evid. 401.  Therefore,
the preemptive denial of discovery is proper if there exists no possible
relevant, discoverable testimony, facts, or material which would support or
lead to evidence that would support a claim or defense.  Ford
Motor Co., 279 S.W.3d at 664.

Mandamus Standard of
Review

Mandamus issues only to correct a clear abuse of discretion
or the violation of a duty imposed by law when there is no other adequate
remedy by law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), (quoting Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding)).  To establish an abuse of
discretion, the complaining party must demonstrate that the trial court acted
unreasonably, arbitrarily, or without reference to any guiding rules and
principles.   See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1965).  When a petition for writ of mandamus is
filed, the relator bears the burden to show entitlement to the relief
requested.  Johnson, 700 S.W.2d at 917. 
Therefore, under the facts of this case, in order to show entitlement to
mandamus relief Relator would have to establish that the trial court's
decisions pertaining to Relator's motion to quash were so outside the permissible
scope of discovery as to be unreasonable or arbitrary; that is, that the
requested discovery could not possibly lead to the disclosure of relevant,
discoverable testimony, facts, or materials. 


When it comes to privileged documents, mandamus is the appropriate
remedy when the trial court has erroneously granted discovery.  In re
Fort Worth Children's Hosp., 100 S.W.3d 582 (Tex.App.--Fort Worth 2003,
orig. proceeding).  The party resisting
discovery has the burden to plead the privilege and to produce evidence
demonstrating the applicability of the privilege.  See Tex. R. Civ. P. 193.4(a); Peeples v. Honorable Fourth Supreme Judicial
District, 701 S.W.2d 635, 637 (Tex. 1985).

Analysis

            Relator contends the trial court
abused its discretion by denying her motion to quash as to both Bryan's Steaks
and United Supermarkets because the requests for production exceeded the scope
of allowable discovery by requesting information or data that was not relevant
to the pending litigation.  The accident
at Bryan's Steaks was a slip-and-fall. 
The claim in the present litigation is a slip-and-fall.  Although Relator contends that she suffered
different injuries in the two events, evidence of similar accidents or events
may be admissible to rebut allegations of causation. See Middleton v. Palmer, 601 S.W.2d 759, 763 (Tex.Civ.App.--Dallas
1980, writ ref'd n.r.e.) (allowing evidence that
plaintiff was involved in another accident to show inconsistent statements by
plaintiff as to causation).  Because discovery of the facts and
circumstances surrounding Relator's injury at Bryan's Steaks could lead to the disclosure
of information relevant to a consequential issue, i.e. causation, the trial
court did not abuse its discretion in denying Relator's motion to quash.  Furthermore, evidence pertaining to the
prescription medications being taken by Relator is relevant to her claim of
damages.  Tex. R. Evid. 401.   

            Relator further contends that any
information to be obtained from United Supermarkets is protected from
disclosure by the physician-patient privilege. 
See Tex. R. Evid. 509(c)(1) and (2).  Because Rule 509(c)(2)
specifically pertains to treatment records created
or maintained by a physician, the records of a pharmacy are not protected
from disclosure by the physician-patient privilege.  See
Fort Worth Children's Hosp., 100 S.W.3d at 589 (holding that where hospital
failed to present evidence that documents the subject of a discovery request
were created or maintained by a physician,
it failed to carry its burden to prove that the documents were subject to the
physician-patient privilege).  See also Walgreen Co. v. Hieger,
243 S.W. 3d 183, 186 (Tex.App.--Houston [14th Dist.] 2007, pet. denied)
(finding that a registered pharmacist and clinical professor at the College of
Pharmacy at the University of Texas was not a "physician").  Furthermore, Relator failed to produce any
evidence demonstrating the applicability of the physician-patient
privilege.               




 

Conclusion

            Because the information
sought was both relevant and discoverable, the trial court did not abuse its
discretion in denying Relator's motion to quash as to either United
Supermarkets or Bryan's Steaks. 
Relator's request for mandamus relief is denied.

                                                                                    Per Curiam