NO. 07-03-0455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2004

_____

SUMMER HELENA MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85738; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Summer Helena Miller's guilty plea to an indictment alleging securing execution of a document by deception, the trial court found her guilty and sentenced her to two years confinement. The court then, following the terms of the plea bargain, suspended the imposition of sentence and placed her on community supervision for five years. In August of 2003, appellant pleaded not true to the allegations contained in the State's motion to revoke community supervision; however, the court found the allegations to be true, revoked

her community supervision, and assessed a sentence of two years confinement. With one issue, appellant attacks the validity of the indictment. We affirm.

The indictment alleged that appellant lied to the Texas Department of Human Services about a car she owned in an effort to secure additional welfare benefits. With her sole issue, appellant maintains the indictment is defective because she was legally entitled to own the vehicle in issue. In response, the State asserts, and we agree, that it is appellant's deception regarding her ownership of the car that creates the offense, not the ownership itself. Moreover, even if appellant's substantive claim had merit, she waived it by failing to voice an objection to the indictment prior to trial. If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other postconviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2004); *Ex parte* Morris, 800 S.W.2d 225, 227 (Tex.Cr.App. 1990). Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.