NO. 07-04-0444-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 8, 2005



______________________________




JUAN ISRAEL RAMOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 47346-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant, Juan Israel Ramos, appeals from a conviction and sentence for
possession of a controlled substance in a drug-free zone. 

 On November 4, 2004, this court directed the clerk of the trial court to file any and
all documents in the court's file referencing or filed in connection with any affidavits of
indigence filed by appellant. After receiving and reviewing this supplemental clerk's record,
this court concluded that no affidavit of indigency, which complied with Tex. R. App. P.
20.2, had been filed in this case. As a result, on January 14, 2005, this court directed
appellant to certify that he had paid for the record, had made arrangements to pay for the
record, or that other cause existed to preclude dismissal of this appeal for failure to file the
appellate record. We directed appellant to file this certification or response by February 7,
2005. Having received no response from appellant, we now dismiss this appeal. See Tex.
R. App. P. 37.3(b), 43.2(f). 


 Phil Johnson

 Chief Justice



Do not publish. 



 assessed a sentence of two years confinement. With one
issue, appellant attacks the validity of the indictment. We affirm.

 The indictment alleged that appellant lied to the Texas Department of Human Services
about a car she owned in an effort to secure additional welfare benefits. With her sole issue,
appellant maintains the indictment is defective because she was legally entitled to own the
vehicle in issue. In response, the State asserts, and we agree, that it is appellant's deception
regarding her ownership of the car that creates the offense, not the ownership itself. 
Moreover, even if appellant's substantive claim had merit, she waived it by failing to voice an
objection to the indictment prior to trial. If a defendant does not object to a defect, error, or
irregularity of form or substance in an indictment before the date on which the trial on the
merits commences, the defendant waives and forfeits the right to object to the defect, error,
or irregularity and may not raise the objection on appeal or in any other postconviction
proceeding. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2004); Ex parte Morris,
800 S.W.2d 225, 227 (Tex.Cr.App. 1990). Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.