Opinion filed February 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00249-CR

                                                    __________

 

                            CAROL
JOHNENE MORRIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 441st District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR36894

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Carol Johnene Morris, appellant, of the offense of theft in the
amount of $1,500 or more but less than $20,000.  Upon finding the enhancement
allegations to be true, the jury assessed punishment at confinement for a term
of twenty years and a fine of $10,000.  We affirm.  

Issues

            Appellant
presents eight points of error on appeal.  In her first point, appellant
asserts that the trial court committed reversible error by denying appellant
any assistance from court-appointed standby counsel and by depriving appellant
of adequate and meaningful access to the courts and to the law library.  In her
second point, appellant contends that the trial court erred in denying
appellant’s pretrial motions to quash, to dismiss, and to strike.  In her third
point, appellant challenges the legal and factual sufficiency of the evidence
to support her conviction.  In the fourth point, appellant asserts that the
State failed to present sufficient evidence to prove the proper sequence of her
prior felony convictions used for enhancement purposes.  In her fifth point,
appellant argues that the trial court’s charge to the jury was erroneous.  In
the sixth point, appellant contends that the trial court’s charge on punishment
was calculated to violate her substantive rights.  In her seventh point,
appellant argues that the judge of the trial court erred by not recusing
himself.  In her final point, appellant contends that the trial court erred by
denying her motion to suppress.  

Right
to Counsel and Access to Courts

            In
her first point, appellant complains that she was deprived of the right to
counsel at trial and of adequate access to the courts.  We disagree.  The
record shows that the trial court appointed an attorney to defend appellant but
that appellant subsequently insisted upon representing herself.  The record
shows that the trial court conducted a Faretta[1]
hearing and appropriately admonished appellant of the dangers and disadvantages
of self-representation. Appellant, nevertheless, persisted in her desire to
waive counsel and represent herself, and the trial court determined that
appellant knowingly and intelligently waived her right to counsel and asserted
her right to self-representation.  The trial court granted appellant’s motion to
waive counsel and permitted appellant to exercise her Sixth Amendment right to
represent herself.  Thus, the trial court did not deprive appellant of her
right to counsel; she waived that right.  

Furthermore,
a criminal defendant who exercises the right of self-representation is not
entitled to hybrid representation through the assistance of standby counsel,
though a trial court may permit hybrid representation as long as standby
counsel does not interfere with the defendant’s control of the case.  Scarbrough
v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).  The record shows that
appellant was admonished that she had no right to standby counsel.  Appellant
acknowledged this admonishment in her motion for access to the law library
wherein she stated that she had asserted her constitutional right to self-representation
and that the trial court had informed her that she “was not entitled to hybrid
representation: attorney and self-representation.”  The record shows that the
trial court did appoint standby counsel, that standby counsel actually assisted appellant upon her request at a pretrial hearing, and that standby counsel
also appeared at trial.  Appellant did not provide this court with a reference
to the record to support her assertion that standby counsel’s assistance was
precluded. See Tex. R. App. P. 38.1(i). 
We have reviewed the record but have found nothing indicating that the trial
court interfered with standby counsel’s assistance of appellant or that
appellant was denied access to the law library or to the courts.  Appellant’s first
point of error is overruled.  

Indictment

            In
her second point, appellant complains of the denial of her pretrial motions to
dismiss and quash the indictment and strike the enhancement paragraphs. 
Appellant specifically argues under this point that the indictment was
improperly amended in violation of Tex.
Code Crim. Proc. Ann. arts. 28.10–.11 (West 2006) because the State
failed to file a motion to amend the original indictment and because the
amendment charged appellant with an additional offense. The record does not
show, however, that the indictment in this case was ever amended.  Instead, it
shows that appellant was originally indicted by a grand jury in an indictment
filed on February 4, 2010, and that, approximately four months prior to
trial, appellant was reindicted by a grand jury in a separate indictment filed
on March 31, 2010, and styled “RE-INDICTMENT.” Because there was no amendment
to an indictment in this case, the articles governing the procedure for
amending an indictment are inapplicable.  Appellant’s second point of error is
overruled. 

Sufficiency
of the Evidence

            In
her third point, appellant challenges the legal and factual sufficiency of the
evidence to support her conviction for theft by deception.  We review a sufficiency of the evidence issue, regardless
of whether it is denominated as a legal or a factual sufficiency claim, under
the standard of review set forth in Jackson v. Virginia, 443 U.S. 307
(1979).  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk
v. State, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d). 
Under the Jackson standard, we examine all of the evidence in the
light most favorable to the verdict and determine whether, based on that
evidence and any reasonable inferences from it, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S. at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010). 

            Appellant
was charged with and convicted of the offense in this case for unlawfully
acquiring and exercising control over U.S. currency valued at $1,500 or more
but less than $20,000 “by deception” from Manuel Valdez without his effective
consent and with the intent to deprive him of such currency.  “Deception,” with
respect to the offense of theft, is defined by statute as:  

(A) creating or
confirming by words or conduct a false impression of law or fact that is likely
to affect the judgment of another in the transaction, and that the actor does
not believe to be true;

            (B) failing to correct a false
impression of law or fact that is likely to affect the judgment of another in
the transaction, that the actor previously created or confirmed by words or
conduct, and that the actor does not now believe to be true;

            (C) preventing another from
acquiring information likely to affect his judgment in the transaction;

            (D) selling or otherwise
transferring or encumbering property without disclosing a lien, security
interest, adverse claim, or other legal impediment to the enjoyment of the
property, whether the lien, security interest, claim, or impediment is or is
not valid, or is or is not a matter of official record; or

            (E) promising performance that
is likely to affect the judgment of another in the transaction and that the
actor does not intend to perform or knows will not be performed, except that
failure to perform the promise in issue without other evidence of intent or
knowledge is not sufficient proof that the actor did not intend to perform or
knew the promise would not be performed.

Tex. Penal Code Ann. § 31.01(1) (West Supp.
2011). The jury charge encompassed Section 31.01(1)(A), (B), (D), and (E).

The
record shows that Valdez testified regarding his dealings with appellant.  Valdez,
who was in the business of buying houses, remodeling them, and selling them for
a profit, testified that appellant came to him and offered to sell him two lots
for $3,000.  Valdez agreed, signed the contract that appellant drew up, and
gave appellant a check for $3,000.  This check cleared Valdez’s bank account on
September 28, 2009.  Appellant then offered to sell another lot to Valdez for
$12,000.  Valdez agreed, signed the contract, and gave appellant a check for
half of the agreed purchase price.  This check cleared Valdez’s bank account on
October 6, 2009. According to Valdez, Morris never indicated that the lots were
owned by anyone other than herself.  However, Valdez was later informed by an
attorney at Lone Star Abstract and Title Company, where the closing was
supposed to take place, that the sale could not go through because Morris did
not own the lots.  Morris refused to return any of the money that Valdez had
given her for the lots.  The following documents were admitted into evidence: a
signed receipt and contract indicating appellant owned these properties and was
selling them to Valdez; copies of the checks from Valdez to appellant, which
were endorsed on the back by appellant; and the demand letter from Valdez to
appellant.

            John
Brian Martin, general counsel for Lone Star Abstract and Title Company, was
recognized by the trial court as an expert in the field of title work as it
relates to determining the ownership of real property.  Martin testified that,
in examining the title to the properties involved in the transactions between
Valdez and Morris, he determined that the lots in question had previously been
owned by appellant’s parents and that Morris owned only 16.67%, also stated as
3/18, of each lot.  Martin’s testimony was supported by a 1986 judgment
declaring the heirship of appellant’s father; appellant’s written disclaimer of
any interest in her father’s estate, which was filed in 1986; and appellant’s
mother’s holographic will, which was probated in 2001.  These documents show
that appellant was not the only heir or beneficiary of her parents’ estates and
that she had disclaimed any interest in her father’s estate.  Martin testified
that, when he explained to appellant that she was not the sole owner of the
properties, appellant “got real agitated and upset” and told Martin that “it
was none of [Lone Star’s] business.

            Matthew
Tepper, an attorney who represents taxing jurisdictions and appraisal districts
throughout Texas, testified regarding a prior civil lawsuit brought by
appellant against Midland Central Appraisal District.  In that suit, appellant
sought the removal of the words “et al” from the district’s identification of
various properties that the district listed as being owned by “Morris Carol J
et al.”  The trial court denied the relief requested by appellant and entered a
take-nothing judgment against her on April 23, 2008.

            Braggston
Morris testified that he was legally adopted by appellant’s parents but that
biologically he was their grandson.  The record shows that Braggston was an
heir to appellant’s father’s estate, as shown in the judgment of heirship, and
that he was a beneficiary and the executor of appellant’s mother’s estate.  Braggston
testified that he allowed appellant to manage the properties but never
authorized appellant to sell any of the properties.

            Cicelee
McMaryion testified that she lived at 501 South Tyler, which was the property involved
in the $12,000 contract between appellant and Valdez.  McMaryion testified
that, on August 25, 2009, she and appellant reached an agreement in which
appellant agreed that McMaryion could purchase the property for $15,000 in a
lease-to-buy arrangement.  McMaryion produced a receipt signed by appellant and
dated October 1, 2009, that stated: “Lease to Buy – 501 S. Tyler St.”  The
receipt showed an account balance of $13,600.  McMaryion testified that, at the
time of appellant’s trial, she had paid approximately $5,000 or $6,000 toward
the purchase price.  

            After
reviewing all of the record, we conclude that the evidence is sufficient to
show that appellant unlawfully acquired and exercised control over U.S.
currency valued at $1,500 or more but less than $20,000 from Valdez by
deception, without his effective consent, and with the intent to deprive him of
that money.  Appellant’s third point of error is overruled.  

Enhancement
Proof

            In
her fourth point, appellant asserts that the State failed to present sufficient
evidence to prove the proper sequence of her prior felony convictions used for
enhancement purposes under former Tex.
Penal Code § 12.42(a)(2) (2009).[2] 
Section 12.42(a)(2) provided: 

If it is shown on the
trial of a state jail felony punishable under Section 12.35(a) that the
defendant has previously been finally convicted of two felonies, and the second
previous felony conviction is for an offense that occurred subsequent to the
first previous conviction having become final, on conviction the defendant
shall be punished for a second-degree felony.  

            The
record from appellant’s trial shows that the State abandoned the enhancement
paragraphs in the reindictment[3]
and, instead, relied upon the notice of intent to enhance appellant’s
punishment, which had been filed prior to trial.  In the notice of intent, the
State alleged in the first enhancement paragraph that, before the commission of
the primary offense, appellant was convicted of the felony offense of forgery
by passing on July 27, 1988, in Cause No. 5793 in the 132nd District Court of
Scurry County.  In the second enhancement paragraph, the State alleged that,
before the commission of the primary offense and before the commission of the
offense alleged in the first enhancement paragraph, appellant was convicted of
the felony offense of forgery by passing with intent to pass in Cause No.
CRA-10,176 in the 142nd District Court of Midland County on or about July 11,
1985.  In the third enhancement paragraph, the State alleged that, before the
commission of the primary offense and before the commission of the offense
alleged in the first enhancement paragraph, appellant was convicted of the
felony offense of theft of property of $200 or more but less than $10,000 on or
about July 11, 1985, in Cause No. CRA-10,066 in the 142nd District Court of
Midland County.  

            The
pen packets for these three offenses were admitted into evidence during the
punishment phase of trial.  As required for the enhancement of a sentence under
Section 12.42(a)(2), these exhibits show that appellant had previously been
convicted of two felonies and that the second previous felony conviction (the
1988 Scurry County conviction) is for an offense that occurred subsequent to
the first previous conviction (either of the Midland County convictions) having
become final.  The Scurry County offense occurred on December 9, 1987, and
appellant’s conviction in the Midland County cases became final upon the
mandate of the court of appeals, which was sometime prior to July 11, 1985, the
date that the commitment order was signed.  Based upon the evidence presented,
a rational jury could have found, beyond a reasonable doubt, the proper
sequence of appellant’s prior felony convictions as required for enhancement
under Section 12.42(a)(2).  Appellant’s fourth point of error is overruled.  

Jury
Charge

In
her fifth point, appellant argues that the trial court erred in refusing to
charge the jury on her requested defensive theories: necessity and mistake of
fact.  We disagree.  Though a defendant is entitled to an instruction on every
defensive issue raised by the evidence (even if such evidence is weak,
impeached, or contradicted), the defensive theories suggested by appellant in
this case were not raised by the evidence.  

The
record shows that the trial court initially granted appellant’s request to
include an instruction on mistake of fact but that the trial court subsequently
removed the instruction after appellant objected to the inclusion of language
indicating that the mistake of fact was her belief that she was the “sole
owner” of the properties.  Appellant indicated that she had “never thought
[she] was the sole owner” but that, as one of the owners, she thought she had a
right to sell the properties.  The trial court ruled that appellant was not
entitled to an instruction on mistake of fact on such basis.  

“It
is a defense to prosecution that the actor through mistake formed a reasonable
belief about a matter of fact if his mistaken belief negated the kind of
culpability required for commission of the offense.”  Tex. Penal Code Ann. § 8.02(a) (West 2011).  Appellant was
not entitled to an instruction on the defense of mistake of fact.  As indicated
by her statement to the trial court, she was not mistaken as to a fact (i.e.,
who owned the properties) but, instead, appeared to be mistaken as to the law
(i.e., whether, as part owner, she had the right to sell the properties).  See
id. § 8.03(a) (ignorance of the law is not a defense).  

As
to the defense of necessity, appellant seems to be arguing that it was
necessary for her to sell some of the properties to save the properties from an
impending auction.  Appellant was not entitled to an instruction on the defense
of “necessity.”  Section 9.22 of the Penal Code provides in part that conduct
is justified if “the actor reasonably believes the conduct is immediately
necessary to avoid imminent harm” and if “the desirability and urgency of
avoiding the harm clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the
conduct.”  Id. § 9.22(1), (2).  The trial court did not err in refusing
to include appellant’s requested defensive theories in the jury charge. 

Appellant
also asserts that she was denied the right to submit evidence of the impending
auction.  Additional evidence regarding the auction was properly excluded as it
was not relevant to any viable defense.  Moreover, appellant has not cited us
to any page in the record where the trial court prohibited appellant from
introducing evidence that would support a defensive theory.  Appellant’s fifth
point of error is overruled.  

Charge
on Punishment

In
the sixth point, appellant contends that the trial court’s charge on punishment
was calculated to violate her substantive rights.  Appellant asserted at trial
and argues on appeal that her 1988 Scurry County conviction could not be used
for enhancement because the indictment was fundamentally defective.  Although
the indictment in the Scurry County case was defective, it was not
fundamentally defective.  The Texas Court of Criminal Appeals specifically
determined in Ex parte Morris, 800 S.W.2d 225 (Tex. Crim. App. 1990),
that the indictment in the Scurry County case, though flawed, was sufficient to
constitute an indictment and support appellant’s conviction and that appellant
was prohibited from raising the defect for the first time in a postconviction
proceeding.  See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (West 2005).  Appellant’s Scurry County
conviction is not void.  Morris, 800 S.W.2d 225; see Teal v. State,
230 S.W.3d 172 (Tex. Crim. App. 2007).  Therefore, the trial court did not err
in authorizing the jury to enhance appellant’s punishment using that
conviction.  Appellant’s sixth point of error is overruled.  




 

Recusal

            In
her seventh point, appellant argues that the judge of the trial court, the
Honorable Rodney Satterwhite, should have been recused based upon a conflict of
interest and his inability to be impartial.  Appellant filed a motion to recuse
after she discovered that Judge Satterwhite had represented BP America Production
Co. in a civil case against Midland Central Appraisal District.  Judge
Satterwhite declined to recuse himself and referred the matter to the presiding
judge of the administrative judicial district.  At the hearing on the motion,
appellant further asserted that she believed Judge Satterwhite was either in
the same building or in the same firm as the attorney for Endeavor Energy
Resources, against whom appellant claimed to have a cause of action.  The judge
presiding over the hearing denied appellant’s motion to recuse as unfounded and
without merit.  We find no abuse of discretion in the denial of the motion to
recuse.  See Gaal v. State, 332 S.W.3d 448 (Tex. Crim. App. 2011)
(setting out the reasons that a judge may be removed and the standard of
review).  Appellant’s seventh point of error is overruled.  

Motion
to Suppress

In
her eighth point, appellant contends that the trial court erred by denying her
motion to suppress the affidavit in support of the arrest warrant.  The record
shows that the trial court granted appellant’s motion to suppress that
affidavit.  The record further shows that the affidavit was neither offered nor
admitted into evidence at trial.  Accordingly, appellant’s eighth point of
error is overruled.  

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

February 9, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[4]










[1]Faretta v. California, 422 U.S. 806 (1975).





                [2]The current version of this statute, effective
September 1, 2011, is located at Tex.
Penal Code Anjn. § 12.425(b) (West Supp. 2011).  However, former Section
12.42(a)(2) applies in the present case because it was in effect on the date of
the offense.

 





[3]The State concedes in its brief that appellant’s prior
convictions as alleged in the reindictment were not in the proper sequence.





[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.