# NO. 12-16-00145-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN MARK HOUSTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, John Mark Houston, appeals from his conviction for attempted aggravated kidnapping. In one issue, Appellant contends that the indictment is fundamentally defective. We affirm.

## BACKGROUND

In a two-count indictment, the State charged Appellant with Attempted Aggravated Kidnapping (Count 1) and Assault Family Violence, Impeding Breath or Circulation (Count 2). Count 1 alleges that Appellant

> . . . with the specific intent to commit the offense of Aggravated Kidnapping of Randi Burris, … assaulted her with his hands, dragged her by her hair, forced her outside, and attempted to force her into a vehicle, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

A jury found Appellant guilty of Count 1, Attempted Aggravated Kidnapping, and guilty of Count 2's lesser included offense of Assault Family Violence. The jury assessed Appellant's punishment as follows: (1) Count 1, confinement for nine years and a fine of $10,000.00; and (2) Count 2, confinement in the Anderson County jail for three hundred and sixty-five days and a fine of $2,000.00. This appeal followed.

In his sole issue, Appellant contends that Count 1 in the indictment failed to give him adequate notice of the charge against him. Accordingly, he maintains that Count 1 of the indictment is fundamentally defective.

**Applicable Law**

A person commits aggravated kidnapping if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on the person or violate or abuse the person sexually. TEX. PENAL CODE ANN. § 20.04(a)(4) (West 2011). Accordingly, the offense is comprised of two elements: (1) intent to abduct, and (2) intent to commit an aggravating element. *Id*. "Abduct" means to restrain a person with intent to prevent the person's liberation by: (1) secreting or holding the person in a place where he is not likely to be found; or (2) using or threatening to use deadly force. *Id*. § 20.01(2) (West 2011). When a particular intent is a material fact in the description of the offense, it must be stated in the indictment. TEX. CODE CRIM. PROC. ANN. § 21.05 (West 2009).

"An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, § 12 (b). The presentment of an indictment or information to a court vests the court with jurisdiction over the case. *Id*. "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). "If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences he waives and forfeits the right to object to the defect, error or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding." TEX. CODE CRIM. PROC. ANN. art 1.14(b) (West 2005).

The court of criminal appeals has consistently held that indictments that omit an element of the crime charged, although defective, are valid indictments. *Teal v. State*, 230 Ss.W.3d 172, 178 (Tex. Crim. App. 2007); *Ex parte Morris*, 800 S.W.2d 225, 227 (Tex. Crim. App. 1990); *Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990). The test is whether, looking at the indictment as a whole, are the court and the defendant able to determine from the

face of the indictment that the instrument intends to charge an offense for which the court has jurisdiction. *See **Kirkpatrick v. State***, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009).

## Analysis

On appeal, Appellant contends the indictment is fundamentally defect because it fails to allege the specific intent required of assault, the specific intent to prevent a person's liberation, and the specific intent of the aggravating element, i.e., to inflict bodily injury or abuse sexually. *See* TEX. PENAL CODE ANN. §§ 20.01(2), 20.04(a)(4). However, the alleged defects in the indictment are within that class of defects, errors, or irregularities in form or substance which must be challenged by objection prior to trial. Appellant's failure to raise an appropriate objection before trial forfeits his right to complain of any defects, errors, or irregularities on appeal. *See* TEX. CODE CRIM. PROC. ANN. art 1.14(b). Nevertheless, even if error had been preserved, the indictment alleges the crime with sufficient "clarity and specificity" to identify the penal statute under which the State intended to prosecute. *See **Kirkpatrick***, 279 S.W.3d at 328; *see also **Duron***, 956 S.W.2d at 550-51. Under these circumstances, we conclude that the indictment was not fundamentally defective.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2017**

**NO. 12-16-00145-CR**

**JOHN MARK HOUSTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-15-32259)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*