Herbert HESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51106.

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

None on appeal, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for theft of a credit card. Upon appellant's plea of nolo contendere to the primary count, the State waived two counts alleging prior convictions for purposes of enhancement. Punishment was assessed at two years.

At the outset we are confronted with fundamental unassigned error requiring consideration in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The primary count of the indictment utterly fails to allege the date of the offense. The count of the indictment upon which the conviction is predicated reads:

"And the Grand Jury aforesaid do further present in and to said Court, at said term, that on or about the ___ day of _____, A.D., 19__, in said County of Harris and State of Texas, and after the judgment of conviction in said cause No. 1395 and the judgment of conviction in said cause No. 1407 had become final, the said Herbert Hess, who is the same person so twice formerly convicted, did fraudulently take and steal one credit card issued by Texaco Inc., a corporation which carries on a business in Harris County, Texas, to Harry J. Carpenter, the same being then and there the corporeal personal property of said Harry J. Carpenter, the owner thereof, from the possession of the said owner, without the consent of the said owner, and with the intent then and there to deprive the said owner of the value of the same, and to appropriate it to the use and benefit of the said Herbert Hess."

An indictment to be sufficient must give the day, month, and year of the commission of the offense. 1 Branch's Ann.P.C., 2nd ed., Sec. 452, and cases there cited. For failure to allege the date of the commission of the offense, the indictment in the instant case is fundamentally defective.

The judgment is reversed and the prosecution ordered dismissed.

DOUGLAS, J., not participating.