**Ex parte Clay Dee PAGE.**

**No. 58162.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 5, 1978.

Emmett Colvin, Dallas, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P. Petitioner was convicted of the offense of unlawful delivery of a dangerous drug, diazepam. His punishment was assessed at two years, probated.

After reviewing the application for a writ of habeas corpus, the trial court made findings that the indictment was fatally defective under this Court's holding in *Henderson v. State*, 560 S.W.2d 645 (Tex.Cr.App. 1977).

■ An examination of the record indicates that petitioner was convicted for the offense of delivery of a dangerous drug, diazepam. He is entitled to relief in view of the fact that there is no longer any penalty provided for such offense. See *Henderson v. State*, supra; *Lumberas v. State*, 560 S.W.2d 644 (Tex.Cr.App.1977); *Riddle v. State*, 560 S.W.2d 642 (Tex.Cr. App.1977).

■ A fundamentally defective indictment may be challenged by post-conviction writ of habeas corpus. See *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts*, 522 S.W.2d 461 (Tex.Cr. App.1975); *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976); *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr.App.1977).

For the reasons stated above, conviction of the trial court in Cause No. F–77–6038–KL is set aside and the relief sought is granted.