**Ex parte David Wayne GIBSON.**

No. 70723.

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1990.

Randy Farrar, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant was convicted of the offense of retaliation upon his guilty plea. V.T.C.A.

Penal Code § 36.06. His punishment, enhanced by two prior convictions, was assessed by the trial court at forty years confinement in the Texas Department of Corrections.[1] Applicant did not appeal this conviction.

In his writ application, submitted to this Court pursuant to Art. 11.07, V.A.C.C.P., applicant contends the indictment upon which he was convicted is fundamentally defective for failing to allege the date of the commission of the alleged offense. Applicant asserts the indictment does not meet the requisites of Art. 21.02, V.A.C. C.P.[2], does not allege any offense against the laws of this state, and is insufficient to invoke the jurisdiction of the trial court. Applicant claims he may raise this issue for the first time by collateral attack, citing *Keagan v. State*, 618 S.W.2d 54 (Tex.Cr. App.1981), and *Ex parte Page*, 563 S.W.2d 822 (Tex.Cr.App.1978).

The indictment in this cause, which the record reflects was returned on October 2, 1987, alleged in pertinent part:

THE GRAND JURORS, duly selected, organized, sworn, and impaneled as such for the County of Taylor, State of Texas, at the *September Term, 1987,* of the 42nd District Court for said County upon their oaths present in and to said Court that on or about the *3rd day of September*, and *anterior to the presentment of this indictment,* ... (emphasis supplied)

The judgment included in the record reflects applicant committed this offense on September 3, 1987, and he was convicted and sentenced on December 7, 1987. No notice of appeal was given. In regard to applicant's writ, the State filed no response and no hearing was held. On August 10, 1988, the judge of the convicting court entered an order with the following findings in regard to applicant's claim:

1. The indictment under which the Applicant was adjudged to be guilty, failed

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. Subsection 6 of Art. 21.02, Requisites of an Indictment, provides:

The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

to allege the year in which the offense was committed.

2. The indictment failed to allege all essential requisites of Art. 21.02, [V.A.C.C.P.].

3. It does not appear from the face of the indictment that an offense against the laws of Texas was committed.

4. The indictment is fundamentally defective.

5. The conviction is void.

Before we may address the merits of applicant's claim, we must determine whether this issue may be raised in this postconviction proceeding in light of Art. 1.14(b), V.A.C.C.P.[3]

Subsection (b) of this article provides in its entirety:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance Article 28.01 of this code.

Applicant does not contend he made any pretrial objection to the indictment, nor does he cite Art. 1.14(b) in his application. Instead, applicant argues the indictment is fundamentally defective and his conviction

is void because the indictment never invested the trial court with jurisdiction over him. Applicant cites numerous cases[4] from this Court which support his contention; however, none of these cases involve indictments which were presented to the trial court on or after December 1, 1985, see fn. 2 *infra*, and therefore are not dispositive. In order to decide the cognizability issue we must depart from our normal mode of analysis due to the recent changes in the nature of indictments. The threshold issue in this case which must be addressed then is whether the instrument upon which applicant was convicted was an "indictment" for purposes of Art. V., § 12, of the Texas Constitution.

We addressed what no longer constitutes an indictment (or information) under Art. V., § 12(b),[5] in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990). The charging instrument in *Studer*, an information, suffered a substance defect in that it failed to allege an element of the offense in that case, indecent exposure. See Art. 27.08, V.A.C.C.P. After a thorough analysis of the legislative history of the amendatory act affecting both Art. V., § 12, and Art. 1.14, this Court concluded that "an indictment (or information) is still an indictment (or information), at least as contemplated by Art. V., § 12, though it be flawed by matters of substance such as the absence of an element." *Studer*, at p. 271. We also concluded that Art. V., § 12(b) did not create prerequisites to which a charging instrument must adhere or otherwise fail

---

3. The amendment to Art. 1.14, which provided for subsection (b), was passed by the legislature in tandem with an amendment to Art. V., § 12, of the constitution. The provisions of the amendatory act applying to Art. 1.14 state the change in the law takes effect December 1, 1985, only if the constitutional amendment was passed by the voters, which it was. Amended Art. 1.14 applies only to charging instruments presented to the court on or after the effective date of the act, i.e., December 1, 1985. Acts 1985, 69th Leg., ch. 577, § 1. The amendment clearly applies to the indictment in this cause.

4. *E.g. Hess v. State*, 528 S.W.2d 842 (Tex.Cr.App. 1975); *Sandlin v. State*, 386 S.W.2d 537 (Tex.Cr. App.1965); *McLaren v. State*, 167 Tex.Cr. 302, 320 S.W.2d 141 (1959); *Moreno v. State*, 375

S.W.2d 309 (Tex.Cr.App.1964); *Ex parte Chance*, 601 S.W.2d 356 (Tex.Cr.App.1980); and *Ex parte Charles*, 582 S.W.2d 836 (Tex.Cr.App.1979).

5. Article V., § 12(b) of the constitution provides:
   > An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and information, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

to be a charging instrument within the meaning of the constitution. We held in *Studer* that the information, although substantively defective, was on its face an information as contemplated by Art. V., § 12, and thus its presentment to the trial court invested that court with jurisdiction over the cause. The failure of the appellant to raise the substance defect in the information by pretrial objection waived the error under Art. 1.14(b). *Studer*, at p. 273.

■ The *Studer* decision controls the disposition of this case, even though we are presented with a different charging instrument defect, because the type of defect does not affect whether a charging instrument does indeed exist. Under the analysis in *Studer*, if the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment for purposes of Art. V., § 12(b), and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case. In the case at bar, the record, as well as applicant's writ application, contains a copy of the "indictment" in this cause. The instrument was issued by the grand jury, filed with the district clerk, and purports to charge applicant with retaliation and two prior convictions. Clearly, the instrument, on its face, is an indictment. We hold that it is an indictment as contemplated by Art. V., § 12(b).

■ Having determined an indictment exists in this cause, we may now determine whether applicant may raise the alleged defect in the indictment for the first time via this writ application under Art. 1.14(b). As noted *infra*, defects, errors, and irregularities of either form or substance in an indictment (or information) must be raised by pretrial objection or be waived in postconviction proceedings. Here, applicant complains of the date alleged in the indictment since it does not give the year the offense was committed.

One requisite of an indictment is that the date alleged in it must be "anterior to the presentment of the indictment" and "not so remote that the prosecution of the offense is barred by limitation." Art. 21.02(6), V.A. C.C.P. This Court has held in the past that the alleged date of the commission of the offense is a matter of substance in a charging instrument. See *Ex parte Chance*, 601 S.W.2d 356 (Tex.Cr.App.1980); and *Ex parte McFarland*, 632 S.W.2d 621 (Tex.Cr. App.1982) (Opinion on State's Motion for Rehearing). See also Art. 27.08(2), V.A.C. C.P. An allegation of an impossible date or incomplete date has rendered charging instruments fundamentally defective, and convictions had upon that instrument were void. See *e.g. Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979).[6] Under the Code of Criminal Procedure, however, an error in the alleged date may also be considered a defect of form. As noted, Art. 21.02(6) sets out specific requisites for date allegations, and Art. 27.09(2), V.A.C.C.P., states that the lack of any requisite in Art. 21.02 is an exception to the form of an indictment.

■ Applicant asserts the indictment failed to meet the requisites of Art. 21.02, thus raising a form defect under Art. 27.09. Additionally, applicant contends the indictment is fundamentally defective, raising a question of a substance error. Regardless of the label we attach to the alleged error in this indictment, the alleged error is waived because applicant failed to object to it pretrial under Art. 1.14(b). This is not to say, however, that the contents of a charging instrument will not be of some consequence in postconviction proceedings.

Since the defect in this indictment is one of form or substance, and applicant failed to object to this defect pretrial, applicant may not now raise this defect for the first time in this postconviction proceeding. Art. 1.14(b). Accordingly, we do not address the merits of applicant's contention raised in his writ, and the relief prayed for is denied.

**6.** In *Studer*, at p. 268, however, we noted that the amendment to Art. 1.14 did not change what constitutes a substance defect but rather only the effect of a substance defect. That is, no longer will an unobjected to substance defect be "fundamental error".

TEAGUE, J., concurs in the result.

BERCHELMANN, J., not participating.

CLINTON, Judge, dissenting.

The indictment in this cause fails to state facts from which it may be determined that the offense alleged occurred within the applicable period of limitations. That such is a defect of "substance" rather than form was demonstrated in *Ex parte McFarland*, 632 S.W.2d 621, at 623 (Tex.Cr.App.1982). The majority reasons that under amended Article 1.14(b), V.A.C.C.P., an indictment suffering even a defect of "substance" must be objected to prior to trial to preserve complaint on appeal or collateral attack. See *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App., delivered this day). In my view, however, the indictment fails to "charg[e] ... an offense" within the meaning of either Article I, § 10 or Article V, § 12(b) of the Texas Constitution.

Long ago the Court of Appeals determined that the allegation of time of offense in an indictment is a matter of "substance" rather than "form." *Drummond v. The State*, 4 Tex.App. 150 (1878). By "substance" in this context the Court meant that such an allegation was not subject to amendment in the trial court, and that a defect could only be cured by return to the grand jury. See also *Sharp v. The State*, 6 Tex.App. 650, at 654 (1879). "[E]ssential to the fundamental sufficiency" of an indictment is that it allege a date that adequately serves to indicate on its face that the alleged "act or omission" * was committed anterior to its presentment, and was not barred by limitations. *Brasfield v. State*, 600 S.W.2d 288, at 306 (Tex.Cr.App.1980) (Clinton, J., dissenting on State's motion for rehearing); Article 27.08(2), V.A.C.C.P.; *Ex parte McFarland*, supra. We have said that an indictment that does not is "void" and "may be challenged at any time." *American Plant Food Corporation v. State*, 508 S.W.2d 598, at 603, & n. 1

(Tex.Cr.App.1974). This is as much as to say a purported indictment suffering such a defect does not charge an offense and is not really an "indictment" at all in contemplation of Article I, § 10, supra. Such was the state of the law "on the morning of the day [Article V,] § 12(b) was approved." *Studer v. State*, supra, at 289 (Clinton, J., concurring).

Therefore I would hold the purported indictment in this cause failed adequately to "charg[e] ... an offense" under Article V, § 12(b), supra, and hence was not an indictment at all. Because it relates to defects of form or substance in an "indictment," Article 1.14(b), supra, does not apply here.

I respectfully dissent.

---

\* Article I, § 10, supra, and its predecessors all: "embraced an understanding of those distinct requisites of an indictment under the common law captured and succinctly defined by Old Code article 394 [currently Article 21.01, V.A.C.C.P.], *viz*:

'An indictment is the written statement of a Grand Jury accusing a person, therein named, of some act or omission, which, by law, is declared to be an offense.'"
*Studer v. State*, supra, at 288 (Clinton, J., concurring).