

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00395-CR

JOHN HOWARD                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2013-0495-D

----------

## MEMORANDUM OPINION[1]

----------

Appellant John Howard was indicted for the offense of attempted capital murder in violation of sections 15.01 and 19.03 of the penal code.[2] The State amended the indictment to charge that on or about August 18, 2012, Appellant,

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 15.01 (West 2011), § 19.03 (West Supp. 2015).

in Denton County, Texas: "did then and there, with the specific intent to commit Capital Murder of Nancy Howard, do an act, to-wit: shoot Nancy Howard with a firearm for remuneration or the promise of remuneration, which said act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended . . . ." A jury convicted Appellant of attempted capital murder as alleged in the indictment, but as a party, and assessed his punishment at life imprisonment. The trial court sentenced him accordingly.

In three interrelated issues, Appellant contends that the evidence is insufficient to support his conviction, that we cannot modify the judgment to a conviction for the lesser-included offense of attempted murder because there is likewise insufficient evidence to support a verdict of guilty of attempted murder, and that we cannot remand this case to the trial court for a trial on the lesser-included offense of attempted murder because it would violate the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.[3]

Under the law as it now exists, we hold that the evidence is sufficient to support Appellant's conviction for attempted capital murder, and we affirm the trial court's judgment.

---

[3]*See* U.S. Const. amend V.

**Brief Facts**

Appellant was married to the complainant, but he began an illicit relationship with another woman. This relationship proved very expensive for him, involving the purchase of real estate, travel expenses, cash payments, and placing the other woman on his employee payroll. Eventually, Appellant decided to have his wife murdered, so he set out to hire someone to do the job. A long list of witnesses testified to Appellant's bumbling plotting. Although he paid out large sums of money to hire one person after another to kill his wife, he hired people who either took his money and did nothing or tried and failed to commit the murder. In addition, people who knew of the plot decided to blackmail Appellant.

Finally, as part of his plotting, Appellant told the complainant that he was leaving town. She went to church in the evening for a baptism and then stopped by Taco Bueno on her way home. When she pulled into her garage, a man assaulted her and shot her in the head. The bullet entered above her left eye, traveled through the eye, the sinus, and the roof of her mouth and then continued down her throat to lodge in her lung. She managed to call 911. The complainant sustained a brain injury, resulting in the complete loss of use of her right arm, the loss of her left eye, and multiple surgeries to rebuild her face and repair fractures of her neck. She suffered through months of therapy.

Evidence showed that one of the people who received money from Appellant, Michael Speck, had in turn contacted a man he had known in prison,

3

Michael Lorence, and had sent him money to drive to Texas. Lorence and his girlfriend drove to Texas in August 2012. A few days after they arrived, Lorence and Speck left Speck's house one morning and returned shortly before midnight. When they returned, they started drinking, and Lorence was extremely quiet. The drinking and silence were out of character for Lorence. When his girlfriend questioned him, he told her that he had murdered a woman in Dallas, shooting her in the forehead inside her garage. Nancy had been shot that same day.

**Sufficiency of the Evidence**

In his first issue, Appellant argues that the trial court reversibly erred by denying his motion for a directed verdict of "not guilty" because there was no evidence that he shot the complainant for remuneration as alleged in the indictment. A challenge to the denial of a motion for instructed verdict is a challenge to the sufficiency of the evidence.[4] In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[5] This standard gives full play to the responsibility of the trier of fact to

---

[4]*Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).

[5]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[6]

To determine whether the State has met its burden under *Jackson* to prove a defendant's guilt beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial.[7] Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[8] The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument.[9]

The State's amended indictment charged that Appellant

---

[6]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

[7]*Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012) ("The essential elements of the crime are determined by state law.").

[8]*Thomas*, 444 S.W.3d at 8.

[9]*See id.*; *see also Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements.").

5

did then and there, with the specific intent to commit Capital Murder of Nancy Howard, do an act, to-wit: shoot Nancy Howard with a firearm for remuneration or the promise of remuneration, which said act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended[.]

That is, Appellant was charged as the "hit man" under penal code section 19.03(a)(3):

A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and . . . the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration.[10]

The jury charge contains the following application paragraph,

Therefore, if you believe from the evidence beyond a reasonable doubt that Michael Lorence or another person, did then and there, with the specific intent to commit the offense of Capital Murder of Nancy Howard, do an act, to-wit: shoot Nancy Howard with a firearm for remuneration or the promise of remuneration, and that such act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended; and you believe from the evidence beyond a reasonable doubt that, acting with intent to promote or assist the commission of said offense, [Appellant] solicited or aided Michael Lorence or another person, in committing the offense of Attempted Capital Murder, and Michael Lorence or another person did commit the offense of Attempted Capital Murder, then you will find the [appellant] guilty of Attempted Capital Murder, as charged in the indictment.

As Appellant points out, there is no evidence that he fired the firearm in an attempt to commit the murder. Section 19.03(a)(3), however, provides that a person commits capital murder if he is the hit man "or employs another to commit

---

[10]Tex. Penal Code Ann. § 19.03(a)(3).

6

the murder for remuneration or the promise of remuneration."[11]  Appellant was indicted as the hit man, but the evidence showed that he hired the hit man.

Appellant argues that the evidence is insufficient to support his conviction because there is no evidence that he was the hit man.  The State argues that Appellant was properly convicted as a party under section 7.02(a)(2) of the penal code because, by hiring the hit man, he "act[ed] with intent to promote or assist the commission of the offense,  . . . solicit[ing], encourag[ing], direct[ing], aid[ing], or attempt[ing] to aid the other person to commit the offense[.]"[12]

The law is well settled that "indictment by grand jury protects citizens [against] arbitrary accusations by the government[,]" and "an indictment [must] provide[] a defendant [with] notice of the offense charged so that he may prepare . . . an informed and effective defense."[13]  The State argues that because the law now requires only the hypothetically correct jury charge,[14] presumably as determined by the hypothetically correct indictment,[15] and not a substantively

---

[11]*Id.*

[12]*Id.* § 7.02(a)(2) (West 2011).

[13]*Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).

[14]*See Gollihar v. State*, 46 S.W.3d 243, 254, 256 (Tex. Crim. App. 2001) (citing *Curry v. State*, 30 S.W.3d 394, 403–05 (Tex. Crim. App. 2000)).

[15]*See Lawson v. State*, Nos. 02-13-00493-CR, 02-13-00494-CR, 02-13-00495-CR, 02-13-00496-CR, 02-13-00497-CR, 2015 WL 392800, at *7 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op., not designated for publication); *see also Fuller v. State*, 73 S.W.3d 250, 260 (Tex. Crim. App. 2002)

correct jury charge, both the indictment and the jury charge must be held to be sufficient if the indictment purports to charge some offense[16] and the jury charge tracks the statute that may be gleaned from reading the indictment, if not the factual allegations. The State finds support for its position in the language of case law from the Texas Court of Criminal Appeals.[17]

Applying this law, as we are bound to do because we are bound by the authority provided by the Texas Court of Criminal Appeals,[18] we must hold that although Appellant was specifically charged as the person firing the weapon for remuneration to be paid by another and received by him, the evidence showing that he provided the remuneration to induce another to fire the weapon was sufficient to show that he committed the offense as alleged in the indictment

_____

(Womack, J., concurring) ("The court of appeals found it unclear whether *Malik* would use a hypothetically correct jury charge that was based on a hypothetically correct indictment or one that was based on the actual indictment."); *Rosales v. State*, 4 S.W.3d 228, 235 n.3 (Tex. Crim. App. 1999) (Meyers, J., concurring) ("By extending *Malik* to the context presented in this case, the majority appears to have created a 'hypothetically correct indictment' doctrine."), *cert. denied*, 531 U.S. 1016 (2000).

[16]*See Ex parte Gibson*, 800 S.W.2d 548, 550–51 (Tex. Crim. App. 1990) (citing *Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)).

[17]*See Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App.) (citing *Malik*, 953 S.W.2d at 240), *cert. denied*, 133 S. Ct. 536 (2012).

[18]*See Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd); *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g), *aff'd*, 218 S.W.3d 85, 88 (Tex. Crim. App. 2007).

because he acted as a party who induced another to shoot the complainant for remuneration.  We are therefore compelled to overrule Appellant's first issue.

**Conclusion**

Our resolution of Appellant's first issue against him is dispositive.  We therefore do not address his second and third issues.[19]  Having held the evidence sufficient to support Appellant's conviction for attempted capital murder, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

WALKER and GABRIEL, JJ., concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 14, 2016

---

[19]*See* Tex. R. App. P. 47.1.