

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,477-01

### EX PARTE RODNEY KEITH RODGERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 42593CR/A IN THE 443RD DISTRICT COURT
### FROM ELLIS COUNTY

YEARY, J., delivered the opinion of the Court in which KELLER, P.J., and KEASLER, HERVEY, RICHARDSON, KEEL, and SLAUGHTER, JJ., joined. WALKER, J., filed a concurring opinion in which NEWELL, J., joined.

### O P I N I O N

In this post-conviction application for writ of habeas corpus, Applicant alleges that he was illegally sentenced for a felony driving-while-intoxicated (DWI) offense when he should have been sentenced only for a misdemeanor DWI. We filed and set this case to determine 1) whether Applicant is estopped from claiming that his sentence is illegal, and 2) whether the harm analysis that we have applied to claims of illegal enhancements pursuant to *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), should extend to enhancements that elevate an offense from a misdemeanor to a felony—also known as jurisdictional enhancements. We hold that *Ex parte Parrott* applies and that Applicant has

not shown that he was harmed. We therefore deny relief on that basis without addressing whether he is estopped from raising the claim.

## I. FACTS AND PROCEDURAL HISTORY

Applicant was indicted for DWI. TEX. PENAL CODE § 49.04. Because his indictment alleged at least two prior DWI convictions, the offense alleged was a third-degree felony. TEX. PENAL CODE § 49.09(b)(2). The indictment went on to allege two additional prior DWI convictions, both of which were also felonies, thus exposing Applicant to punishment as a habitual-felony offender—raising the range of punishment to between 25 and 99 years in the penitentiary or life. TEX. PENAL CODE § 12.42(d).[1] Applicant pled guilty pursuant to

---

[1] In its entirety, the indictment read as follows:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:
>
> The Grand Jurors, duly selected, organized, sworn and impaneled as such for the County of Ellis, State of Texas, at the July 2017 Term of the 443rd Judicial District Court for said County, upon their oaths present in and to said Court that on or about March 09, 2017, and before the presentment of this indictment, in the County and State aforesaid, RODNEY KEITH RODGERS did then and there operate a motor vehicle in a public place while the said defendant was intoxicated;
>
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on November 10, 1999, in cause number F-9652378-IW in the 363rd District Court of Dallas County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on November 10, 1999, in cause number F-9652378-HW in the 363rd District Court of Dallas County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated;
>
> **PUNISHMENT ENHANCEMENTS**
>
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on July 9, 2008, in cause number F-0717649-R in the 265th District Court of Dallas County, Texas, the defendant was convicted of the felony offense of Driving While Intoxicated 3rd or More;

a plea agreement in which the State abandoned one of the prior convictions it had alleged to obtain habitual-offender status, and Applicant thereby became punishable for a second-degree felony.[2] TEX. PENAL CODE § 12.42(a). The convicting court admonished Applicant about the range of punishment for a second-degree felony and then sentenced him, within that range, to fifteen years in the penitentiary. Applicant did not appeal.

In this post-conviction application for writ of habeas corpus, Applicant argues that his indictment only authorized the convicting court to sentence him for a misdemeanor DWI. This Court remanded the application to receive a response from trial counsel and findings of fact from the convicting court. *Ex parte Rodgers*, No. WR-89,477-01, 2019 WL 1271195 (Tex. Crim. App. Mar. 20, 2019) (not designated for publication). Having received those things, we now know that the indictment charging Applicant with felony DWI was flawed.

The State pled two prior DWI offenses as jurisdictional enhancements, raising the level of the offense charged to a third-degree felony. Both of those prior jurisdictional enhancements were alleged to have occurred on November 10, 1999. But the State made a mistake in its allegation of the second jurisdictional prior DWI. It essentially alleged the same prior DWI conviction cause number twice, as the jurisdictional-enhancement

---

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number F-0717649-R was final, the defendant committed the felony offense of Driving While Intoxicated 3rd or More and was convicted on April 5, 2013, in cause number F-1261763-M in the 194th District Court of Dallas County, Texas,

AGAINST THE PEACE AND DIGNITY OF THE STATE[.]

[2] In his affidavit after remand, trial counsel states that "Applicant accepted the State's offer to drop one punishment enhancement paragraph and be sentenced to 15 years."

convictions, with just a slight variation in the letters included at the end of each cause number—F-9652378-IW and F-9652378-HW. The first jurisdictional prior DWI, alleged as F-9652378-IW, reflected a genuine prior conviction entered against Appellant on November 10, 1999. But there simply was no prior conviction under a cause number F-9652378-HW.

In response to this Court's remand order, Applicant's trial counsel provided an affidavit. In his affidavit, which the convicting court found to be credible, trial counsel explained that his pre-trial investigation revealed that the State had used "an incorrect cause number for one of the two DWI's alleged for jurisdictional enhancement from misdemeanor to a third-degree felony." But he also learned that Applicant still had two other prior DWI convictions that had not yet been alleged in the indictment: "Cause No. F-9949146" and "Cause No. F-9553407."[3] According to Applicant's trial counsel, Applicant was on probation in cause number F-9553407 when, on November 10, 1999, he was convicted in cause number F-9949146, and his probation in cause number F-9553407 was revoked that same day. Trial counsel believed that either one of those yet-unpled prior convictions, or both, would have been available for use as jurisdictional enhancements, and could have been alleged in place of the non-existent cause number F-9652378-HW in order to raise Applicant's present offense to a third-degree felony.[4]

---

[3] Applicant's trial counsel's affidavit does not include letters at the end of each of these cause numbers, and other cause numbers as well, when it refers to them, and the trial court's findings do not include any reference to "Cause No. F-9553407," but when the trial court's findings reference cause number "F-9949146," the letters "-HW" are included at the end of that cause number.

[4] Indeed, the record reflects that Applicant was previously convicted of at least five other felony DWIs prior to his commission of the offense at issue in this case. In reverse temporal order, they are: (1) cause number F-1261763-M—a felony DWI for which he was convicted on April 5, 2013, that was alleged but abandoned by the State as part of its plea agreement with Applicant; (2) cause

Applicant's trial counsel explained that, after he noticed that the State used an incorrect cause number for one of the two DWIs alleged in the jurisdictional-enhancement paragraph in Applicant's indictment, he discussed with Applicant the possibility of filing a motion to quash the indictment on account of the pleading mistake. But Counsel concluded that filing a motion to quash the indictment would have been a "poor strategy" because Applicant had at least two other prior DWI convictions that would have been available to be substituted as jurisdictional-enhancement allegations. Applicant also had a plea offer from the State in which the State agreed to abandon one of its two punishment-enhancement paragraphs and seek only fifteen years' confinement in return for a plea of guilty to the charged offense. Counsel believed Applicant was aware that, if he objected to the indictment, or if he rejected the State's plea offer, the State might still have corrected its pleading error before trial and amended its indictment to include a valid second prior jurisdictional-enhancement DWI conviction. Ultimately, despite knowing about the flaw in the indictment, Applicant decided to accept the State's offer and plead guilty.

The convicting court found that Applicant's present DWI could indeed have been enhanced to a third degree-felony by substituting either cause number F-1261763-M (for which Applicant was convicted on April 5, 2013, and which was alleged for the purpose of punishment enhancement but abandoned by the State as part of its plea agreement with

---

number F-0717649-R—a felony DWI for which he was convicted on July 9, 2008, that was ultimately used to enhance his punishment from a third-degree felony to a second-degree felony; (3) cause number F-9949146-HW—a felony DWI for which he was convicted on November 10, 1999; (4) cause number F-9652378—a felony DWI which was properly alleged as one of Applicant's two prior jurisdictional enhancements, for which he was originally placed on probation on December 12, 1996, and in which his probation was revoked and sentence was imposed on November 10, 1999; and (5) cause number F-9553407—a felony DWI for which he was originally placed on probation on February 14, 1996, and in which his probation was revoked and his sentence was imposed on November 10, 1999.

Applicant), or cause number F-9949146-HW (for which Applicant was *also* convicted on November 10, 1999), in place of the non-existent cause number F-9652378-HW that was pled in the jurisdictional-enhancement paragraph of Applicant's indictment. That finding is supported by the record. Relying on *Ex parte Parrott*, then, the trial court concluded that, "[b]ecause other valid convictions existed that could have properly enhanced Applicant's case, Applicant was not harmed by the allegation of an invalid conviction."

## II. COGNIZABILITY

Applicant claims that his sentence is illegal because his base offense was only a misdemeanor, but he was sentenced as a felon. This Court's precedent has held that a defendant can "always" raise an illegal sentence claim,[5] including for the first time in an initial application for writ of habeas corpus.[6] The Court explained in *Mizell v. State* that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."[7] And the Court recognized in *Ex parte Parrott* that a claim of illegal sentence based upon an invalid enhancement is cognizable in post-conviction habeas corpus proceedings, but the Court held that such a claim is subject to a harm analysis. 396 S.W.3d at 538. Because Applicant claims that he was sentenced for a

---

[5] *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence.").

[6] *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (granting habeas corpus relief on a claim that the applicant's sentence exceeded the statutory maximum, observing that "[w]e have long held that a defect which renders a sentence void may be raised at any time.") (citing *Heath v. State*, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991)).

[7] 119 S.W.3d at 806.

felony when he could legally only have been sentenced for a misdemeanor, we conclude that Applicant's claim is cognizable.

### III. SUBJECT MATTER JURISDICTION

Applicant argues that his sentence is illegal, and that he could only have been convicted of a misdemeanor offense, because his indictment did not actually allege two distinct jurisdictional prior DWIs. We filed and set his application to determine whether our holding in *Parrott* still governs under these circumstances. The invalid prior conviction in *Parrott* only raised the punishment level of the offense from a third-degree felony to a second-degree felony. *Id*. at 533. It did not call into question the subject-matter jurisdiction of the convicting court, as the flawed allegation here does. So, we must resolve today whether crossing the divide between misdemeanor and felony subject-matter jurisdiction affects the applicability of *Parrott*'s harm analysis. We hold that it does not.

Applicant voiced no objection to the indictment prior to pleading guilty. Indeed, after receiving advice from counsel about the flaw in the indictment, he made a conscious decision not to challenge the indictment. The indictment alleged that Applicant's present DWI was a felony because of the existence of two prior DWI convictions that were alleged to have occurred on November 10, 1999.[8] On its face, it alleged a felony offense under Section 49.09(b)(2) of the Penal Code.[9] Thus, the indictment was sufficient to vest the

---

[8] This Court has held that Section 49.09(b) (pertaining to enhancement of a DWI to felony status) "does not require the State to prove the prior convictions occurred sequentially." *Gibson v. State*, 995 S.W.2d 693, 697 (Tex. Crim. App. 1999).

[9] Section 49.09(b)(2) provides that "[a]n offense under Section 49.04 [Driving While Intoxicated] . . . is a felony of the third degree if it is shown on the trial of the offense that the person has been previously convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated[.]" This Court has held that this provision constitutes a "jurisdictional enhancement," raising the offense from a misdemeanor, which is to be tried in a county court, to

district court with subject-matter jurisdiction. *Ex parte Gibson*, 800 S.W.2d 548 (Tex. Crim. App. 1990).

In *Ex parte Gibson*, this Court held that, "if the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment for purposes of Art. V. § 12(b), and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case." *Id.* at 551. Because Applicant and his trial counsel raised no objection to the indictment, they may not now challenge its efficacy to invoke the jurisdiction of the district court. *See* TEX. CODE CRIM. PROC. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990) (construing Article 1.14(b)); *Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009) (unobjected-to indictment alleged a misdemeanor and "lacked an element necessary to charge a felony," but it still conferred subject-matter jurisdiction on the district court); *Teal v. State*, 230 S.W.3d 172, 182 (Tex. Crim. App. 2007) (unobjected-to indictment failed to allege one of the two elements necessary to establish a felony offense but vested subject-matter jurisdiction in the district court).

Furthermore, even errors that might affect jurisdiction are not automatically insulated from a harm analysis. In *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App.

---

a felony, which is to be tried in a district court. *See Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018) ("We have held that the existence of these two prior convictions is a jurisdictional fact needed to establish felony status to make the DWI offense triable in district court and is an element of that offense.").

1997), the Court observed that jurisdictional errors are not "categorically immune" from harmless error review. And, in *Parrott*, the Court applied "[t]he general rule . . . that an applicant must show harm to obtain habeas relief" in the context of an illegal sentence claim based on the improper use of a prior conviction to enhance punishment. 396 S.W.3d at 534. The facts of Applicant's case illustrate the ready susceptibility of his claim to a harmless error analysis, as well as the general propriety of applying the rule that "an applicant must show harm to obtain habeas relief[,]" *id.*, even in the face of a claim that may have a jurisdictional dimension.[10] An unobjected-to flaw in an indictment, even one that might have potentially affected the district court's subject-matter jurisdiction, will not inevitably make a sentence—imposed after a plea to the indictment—illegal.

## IV. HARM ANALYSIS

---

[10] The concurrence contends that on the facts of this case we need not decide whether *Parrott* should apply in the jurisdictional-enhancement context. It points to the fact that, even discounting the improperly pled prior jurisdiction DWI conviction, there were still at least three valid prior felony DWI convictions alleged in the indictment: the one properly-pled prior conviction alleged for jurisdictional enhancement and the two prior convictions alleged specifically for punishment enhancement. It suggests that those prior DWI convictions alleged in the indictment for purposes of punishment enhancement could still be considered as jurisdiction-enhancing prior convictions, even though they were alleged only—at least on the face of the indictment—as punishment enhancements. Concurring Opinion at 3–5. (Keep in mind that the State eventually abandoned one of those two punishment-enhancing allegations pursuant to the plea bargain. Thus, there were really only two prior felony DWI convictions alleged that were actually in play when Applicant entered his guilty plea, and at least three would have been necessary, strictly speaking, in order to justify a second-degree felony sentence.) The concurrence cites to no majority opinion from this Court that says that a prior conviction plainly alleged as a punishment enhancement may nevertheless be relied upon by the State as a jurisdictional enhancement. Instead, it relies on an unpublished court of appeals opinion. *See* Concurring Opinion at 5 n.11 (citing *Medina v. State*, No. 05-03-01193-CR, 2004 WL 1832888 at *3 (Tex. App.—Dallas Aug. 17, 2004, pet. ref'd) (not designated for publication)). We did not specifically file and set this writ application to address that question, and we do not. Perhaps it will come before us another day. Instead, we conclude that, even assuming (without deciding) that jurisdiction is implicated, a *Parrott* harm analysis is appropriate. And, in any event, even if it is correct that jurisdiction is not implicated in this case, a straightforward *Parrott* harm analysis demonstrates that Applicant's punishment range would have been properly enhance-able from that of a third-degree felony to that of a second-degree felony.

Parrott's sentence was enhanced from a third-degree to a second-degree felony. *Id.* at 533. On habeas, the convicting court learned that the prior conviction used to enhance Parrott's sentence was only a state-jail felony, and therefore could not properly have been used to enhance his punishment to the level of a second-degree felony. *Id.* Still, the Court denied relief because the habeas record revealed that Parrott, in fact, had other prior felony convictions that the State could have properly used to enhance his sentence to the second-degree felony range. *Id.* at 536.

The Court noted in *Parrott* that "no evidence" was presented during the habeas corpus proceedings "revealing any impediment to the use of his [other] prior felony convictions for enhancement purposes." *Id.* It observed that Parrott entered into a plea bargain agreement with the State to receive a sentence within the second-degree-felony range, and he was properly admonished about that range of punishment, which was "supported by his criminal history." *Id.* at 537. And finally, the Court concluded that, "[b]ecause the entirety of the record support[ed] a second-degree punishment, [Parrott] ha[d] not shown that he was harmed by the error." *Id.* All these considerations apply with equal force to Applicant's present habeas corpus proceedings. He entered into a plea agreement to be punished as a second-degree felony offender in exchange for the State's relinquishment of the habitual-offender enhancement paragraph. He was properly admonished about the range of punishment for a second-degree felony. And he received the sentence he bargained for, which was well within the second-degree felony range.[11]

---

[11] *See Parrott*, 396 S.W.3d at 534 n.5 ("Applicant's pleas of guilty and true enabled him to receive the lesser punishment to which he agreed in his plea bargain.").

Applicant argues that he was harmed because, although the State points to certified copies of alternative judgments for DWI that it claims it could have relied on in place of the non-existent cause number F-9652378-HW, it failed to introduce any evidence "to prove the judgments were attributable to" him. He cites to this Court's opinion in *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007), for the proposition that the State must prove beyond a reasonable doubt both 1) the existence of a prior conviction and 2) that the defendant is linked to that conviction. But here, the convicting court made a finding of fact that "Applicant was previously convicted of DWI 3rd or more on November 10, 1999, under cause number F-9949146-HW in Dallas County[,]" and that "[t]his conviction could have been used to properly enhance Applicant's case" from a misdemeanor to a felony. The record supports this finding.

We have held that the evidence linking a defendant to a prior conviction may be circumstantial, and the State may prove it "in a number of different ways[.]" *Flowers*, 220 S.W.3d at 921. In its original answer to Applicant's writ application, the State included an attachment that contained a certified copy of both the judgment and the indictment in cause number F-9949146-HW. These reflect a DWI conviction for a person with the identical name as Applicant ("Rodney Keith Rodgers"), and with a date of birth ("041468") that corresponds with the date of birth Applicant has set out in his writ application: April 14, 1968. As we observed in *Flowers*, "[a]lthough it is conceivable that there are two men" with the same name and date of birth, "it is not likely." 220 S.W.3d at 925.

What is more, trial counsel's affidavit reflects that he was aware that Applicant had been convicted of felony DWI in cause number "F9949146" in Dallas County on November 10, 1999, as reflected in the judgment contained in the State's attachment. Trial

counsel further asserted that Applicant "by his own admission while reviewing the indictment knew he had been convicted of two separate DWI's on the same date – the issue was the cause number." "A defendant may be linked to prior convictions through his own admission." *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016) (citing *Flowers*, 220 S.W.3d at 921–22). The circumstantial evidence in this case supports the convicting court's finding that the State could have utilized cause number F-9949146-HW in place of the non-existent cause number F-9652378-HW to cross the jurisdictional divide from misdemeanor DWI to third-degree felony DWI. As in *Parrott*, Applicant has shown no impediment to the State's use of an alternative prior conviction.

The Court in *Parrott* also addressed the argument that the applicant in that case may have been harmed because of a lack of notice about the State's potential use of the alternative prior convictions to enhance his punishment to the second-degree felony range. *Id*. at 537–38. Observing that such notice need not appear in the charging instrument, the Court concluded that Parrott had been given ample opportunity during the habeas proceedings, once he learned that the State's alleged prior conviction would not support his enhancement, to challenge the validity of the alternative prior convictions. *Id*. He did not take advantage of that opportunity. *See id*. at 538 ("Applicant has failed to contest the State's evidence that establishes that his actual criminal history supports the range of punishment within which he was sentenced and properly admonished.").

The same is true in Applicant's case. In fact, the record reflects that trial counsel informed Applicant that the State's indictment was defective even before Applicant entered his guilty plea. Applicant was also advised of the likely futility of raising that defect prior to his plea. Trial counsel states in his affidavit that he informed Applicant that "at least two

other DWI convictions [cause numbers F-9949146 and F-9553407] were available without [the State's] having to use one of the two consecutive felony DWI convictions alleged in the punishment enhancement paragraph." With this knowledge, Applicant persisted in accepting the State's plea offer. He did not challenge those two prior convictions pre-trial, despite his manifest awareness of their existence, nor has he attempted to challenge their validity in any way in the instant habeas corpus proceedings. We are aware of no reason that they could not have been substituted for the improperly alleged non-existent prior jurisdictional-enhancement conviction. Under these circumstances, as in *Parrott*, we fail to perceive how Applicant might have suffered from any notice defect.

## V. CONCLUSION

We hold that the *Parrott* harmless error analysis applies in this case and that Applicant has failed to meet his burden to show that he was harmed by the invalid enhancement. Accordingly, we deny relief. Because we deny relief based on his failure to show harm, we need not address whether Applicant was estopped from raising his illegal sentence claim.

DELIVERED:      April 8, 2020
PUBLISH