

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00180-CR

IN RE JOHNIFER RAY MUMPHREY

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Johnifer Ray Mumphrey has filed a petition for a writ of mandamus asking this Court to direct the Honorable Alfonso Charles, presiding judge of the 124th Judicial District Court of Gregg County, Texas, to dismiss an indictment and prosecution upon which Mumphrey was convicted in 2019. Because Mumphrey has failed to show himself entitled to mandamus relief, we deny his mandamus petition.

## I. Mandamus Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought." *Id.* "A clear right to the [requested] relief is shown when the facts and circumstances [require] but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II.     Analysis

Mumphrey would have this Court compel the Respondent trial court to dismiss the indictment and prosecution of a cause where Mumphrey was charged with and convicted of burglary of a habitation.[1]  Mumphrey was tried and convicted in 2019, and this Court affirmed his conviction in *Mumphrey v. State*, 06-19-00030-CR, 2019 WL 4229807 (Tex. App.—Texarkana Sept. 6, 2019, no pet.) (mem. op., not designated for publication).  Mumphrey's instant petition for mandamus relief complains of the substance of the indictment in the trial court.  Specifically, Mumphrey complains that the indictment did not allege the manner and means by which he committed burglary of a habitation.

Any challenge to an indictment must be made before trial.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b).  "[D]efects, errors, and irregularities of either form or substance in an indictment (or information) must be raised by pretrial objection or be waived in post[-]conviction proceedings."  *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (orig. proceeding).[2]  Because Mumphrey failed to raise a pretrial challenge to the indictment, he may not do so now.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02 (Supp.).

[2]Further, "a writ positively will not issue for the purpose of controlling or correcting rulings or judgments on motions or pleas which are mere incidents in the normal trial process and there is an adequate remedy by appeal for correction of any such rulings or judgments which may be erroneous."  *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex. 1969) (orig. proceeding); *see also Stafford v. State*, 248 S.W.3d 400, 406 (Tex. App.—Beaumont 2008, pet. ref'd) (the "manner and means" by which a victim's death was caused are "not essential elements of the offense" of murder).

3

Because Mumphrey has failed to demonstrate that he seeks to compel a ministerial act, he is not entitled to the extraordinary relief sought. Accordingly, we deny his petition for a writ of mandamus.

                                          Scott E. Stevens
                                          Chief Justice

Date Submitted:      December 3, 2024
Date Decided:        December 4, 2024

Do Not Publish